Mary L. Bradley
vs. } No. 85405.
Joseph Fouvez

August 1, 1932.

CAPOTOSTO, J. Action for death by wrongful act following an automobile accident in the evening of February 25, 1931, on Waterman avenue in the Town of North Providence. The plaintiff moves for a new trial when the jury found for the defendant.

The accident happened after dark at the junction of Sawin street with Waterman avenue. Coming towards Providence, Sawin street opens into but does not cross Waterman avenue. The deceased, a woman 76 years old, dressed in dark clothes and accompanied by her grandchild, came to the corner of Sawin street and Waterman avenue, intending to cross the main highway to the opposite sidewalk. Both apparently saw an automobile coming towards them headed in the direction of Providence. After making some reference to her grandmother as to the advisability of crossing in view of the approaching car, the child

turned her attention to her pet cat and sent it home by throwing a few small stones at it. When the little girl turned around again, she said she saw her grandmother, who was then close to the opposite sidewalk, struck by the right front of the defendant's machine. There was evidence tending to prove that the defendant, proceeding at a fast rate of speed, passed another car, cut in front of it and, while returning to its right side of the road, struck the deceased.

The defendant admitted that he passed the other car but denied that he cut sharply in front of it or that he was driving at an unreasonable rate of speed. He further said that he first saw a shadow a few feet from the front left side of his automobile, that it was moving rapidly and that he struck it with some part of the front right of the car.

There was sufficient evidence to find that the defendant was negligent, even in view of the disputed lighting at the point of the accident. The road was dry and no cars coming from the opposite direction were in the immediate vicinity to confuse the defendant's visibility. His attention was apparently directed more to the automobile which he had just passed than to the road in front of him.

The case turns upon the degree of care exercised by the deceased in crossing the street in front of the approaching car. Without desiring to impute any improper motive to the little girl, yet her testimony lacked that ring of genuine recollection, usually manifested by a lack of details or absolute failure of memory, so frequently observed in a child 13 years of age. Her testimony had the earmarks of rehearsal. It leaned more toward innocent reconstruction than to real recollection. In view of all the circumstances, the Court cannot say that the jury was not justified in finding that the plaintiff had failed to prove by a fair preponderance of the evidence the due care of the deceased.

While the Court's sympathy is with the plaintiff, it does not feel justified to disturb the jury's verdict.

Motion for new trial denied.

For plaintiff: J. Addis O'Reilly, William A. Gunning.

For defendant: McGovern & Slattery, Fred Perkins.